# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | No.: 22-cr-95-RJL |
| v. | : : : |  |
| BENJAMIN SOTO, JR., | : : |  |
| *Defendant*. | : : |  |

**DECLARATION OF CHRISTOPHER SCILEPPI, ESQ. IN**
**SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

I, Christopher Scileppi, Esq., pursuant to 28 U.S.C. § 1746, declare, under penalty of perjury, as follows:

1. My name, office address, telephone number, and email are as follows:

Christopher Scileppi
Scileppi Law
115 W. Washington Street
Tucson, Arizona 85701
Office: (520) 449-8446
Email: chris@scileppilaw.com

2. I have been admitted to the following courts and bars:

Arizona Bar
Florida Bar
Arizona Supreme Court
United States District Court for the District of Arizona
Florida Supreme Court
Ninth Circuit Court of Appeals
United States Supreme Court

3. I am currently in good standing with all states, courts, and bars in which I am admitted to practice. I have been previously disciplined by the following bars Arizona Bar (60-day suspension) and was reinstated on June 4, 2014.

I write to provide context for my acceptance of a 60-day suspension in 2014 based on a bar complaint filed by a Santa Cruz County Superior Court Judge.

In 2012, I represented an individual named Daniel in a criminal case in Santa Cruz County (AZ) Superior Court. Throughout the summer of 2012, I was engaged in plea negotiations with the assigned Deputy County Attorney and was confident that the matter would ultimately resolve itself by plea. After each negotiation, I met with Daniel to advise him of the status of the ongoing negotiations.

In late September 2012, I had just become engaged to my now-wife. We took a trip to New York City to visit with family and friends and share our good news. I had cleared my professional calendar ahead of the trip and had no hearings during the week I was to be away.

Without forewarning, the Superior Court scheduled a hearing with less than four days' notice. Because I could not be present at the hearing, I arranged for another attorney to cover the hearing on my behalf. The coverage attorney was not fully aware of the procedural posture of the case and there was a miscommunication regarding whether I had conveyed a plea offer to Daniel.

Unbeknownst to me, and without providing me an opportunity to alleviate her concerns, the Superior Court Judge filed a formal bar complaint alleging that I missed multiple hearings and failed to communicate the plea offer to Daniel. I retained counsel to represent me in the matter and was advised that I should accept a suspension because the possible penalties that could result from fighting the case were draconian. I followed that advice and accepted a 60-day suspension. I was reinstated without objection upon the conclusion of the 60-day period.

I used the formal bar proceedings to enact new measures of accountability in scheduling and documentation within my office, and have not had a similar issue arise since. I am

proud of my record with respect to competent, compassionate, and quality representation of my clients. No client of mine has ever filed a claim alleging that I was ineffective in my representation of him or her. No client of mine has ever filed a lawsuit against me for any reason. I continue now, as I have throughout my career, to be diligent and thorough in my representation of all my clients.

Following the Arizona action, the Florida Bar (of which I am also a member) took reciprocal action based entirely on the facts of the Arizona suspension, meaning I received a 60-day suspension and was subsequently reinstated.

4. I have not been admitted *pro hac vice* in U.S. District Court for the District of Columbia in the last two years.

5. I do not have an office located within the District of Columbia and am not a member of the District of Columbia Bar or have a pending application to become a member of the District of Columbia Bar.

Executed on this 26th day of April, 2022.

_____
CHRISTOPHER SCILEPPI